BEZARES *v.* CAGUAS TRAMWAY CO.

APPEAL from the District Court of San Juan.

No. 457.—Decided May 23, 1910.

ACTION FOR DAMAGES—ACCIDENT—ABSENCE OF EVIDENCE TENDING TO SHOW HOW ACCIDENT MIGHT HAVE BEEN AVOIDED.—The appellant, an employe of the defendant company, whose usual serivce was by the day, was required by the superintendent, at about 9.30 p. m., to go out on a hand car, together with the superintendent and other laborers, to do some work in removing an obstacle which was impeding traffic. It was the kind of work to which ap-

pellant was accustomed. The hand car had no rail protection and there were no lights along the side of the road or elsewhere, but two lamps were carried on the hand car. The hand car collided with a dog and was derailed, and appellant was injured. *Held:* That the evidence failed to show how the accident might have been avoided.

ID.—RAILROAD ACCIDENT—LIGHTED TRACK.—The law imposes no duty upon a railroad company to provide an elaborate system of lights such as would be required to adequately light the roadway.

ID.—FORESEEING ACCIDENT.—It was equally within the prevision of the appellant as well as the respondent that the hand car would be derailed by a collision with a dog.

ID.—LIGHTED RAILWAY—LACK OF EVIDENCE.—Even supposing that it were necessary to light the railway, there was no evidence to show that the laborers were not adequately provided with lanterns.

ID.—HAND CAR OVERLOADED.—Even if the hand car were overloaded, there was no evidence to show that such overloading was the cause of the derailment.

PRESENCE OF SUPERINTENDENT OF COMPANY—EXERCISE OF ORDINARY CARE.—The presence of the superintendent of the company on the hand car partially shows that the company was exercising ordinary care.

ID.—NEGLIGENCE—EVIDENCE.—It was not shown that there was any negligence on the part of the company, and appellant did not bring himself within the terms of the Employers' Liability Act.

The facts are stated in the opinion.

*Mr. Pedro González* for appellant.

*Mr. Henry F. Hord* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The respondent in this appeal is the Caguas Tramway Co. which is operating a railway between Río Piedras and Caguas for the transportation of passengers, freight and mail. The appellant was an employe of the respondent. On December 11, 1908, at about half past nine in the evening, an agent of the respondent went to his house and notified him that he was needed to work in clearing out a landslide on the track which was interrupting the traffic. In obedience to this order the appellant started for the company's station, where by order of the superintendent, he got on a wagonette in which eight or nine men were to go with the superintendent, all leaving for the place where the work was to be done. The class of work to be done was the usual one, to which, whether day or night work, the appellant was accustomed, although it is true that

this was the first time he had been ordered out at night. The wagonette had no railing nor protection on the sides, two wheel cranks occupying almost one-half of the platform. Nowhere upon the track was there any light, and only two of the men on the car, besides the superintendent, carried lamps. The car ran against a dog and left the track, the appellant being hurled to the ground. As a result of this accident the appellant was laid up during 34 days on account of injuries received, and according to his physician's certificate, he may, although this is questionable, be subject to epileptic attacks. It is also said that the appellant is suffering from deafness and has suffered from loss of memory.

Besides the provisions with respect to liability of employers, the law clearly states that a servant assumes all the usual risks incident to his employment, and which are not due to the master's negligence or carelessness. (26 Cyc., 1177.) The appellant alleges that he has a right to recover upon the strength of the provisions of an act in relation to the liability of employers (Rev. Stats., 1902, p. 150), according to which an employe, upon receiving a personal injury, may maintain action for damages against his employer: "1. By reason of any defect in the condition of the ways, works, or machinery, connected with or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer and entrusted by him with the duty of seeing that the ways, works, or machinery, were in proper condition; or 2. By reason of the negligence of any person in the service of the employer, entrusted with the exercising of superintendence, whose sole or principal duty is that of superintendence."

The appellant has omitted to tell us how the accident might have been avoided, and confines himself to the statement that the road should have been lighted. We are not ready to admit that only the light of day or a perfect system

of lighting would have prevented the collision of the wagonette with the animal. We do not know of any duty established by law, whereby such a system of lighting is required. Even with the class of lighting mentioned by the appellant we fail to see clearly how the wagonette could have avoided getting off the rails. The fact that it might run off the track by colliding with a dog was equally within the foresight of appellant and respondent. Two of the men who were on it carried lamps, and the superintendent saw the animal, but the car could not stop. Generally, it is to be supposed that a dog found on a track will get off at the approach of a car, as otherwise the animal is likely to be the sufferer, instead of the people on board. It was alleged that the wagonette was overloaded, but if so, as appears from the record, it would rather show that this was done the better to steady the wagonette on the track.

If there was any negligence, it was only that of going out on the wagonette at night, but this was one of the risks the appellant was assuming, together with the superintendent. The fact is proven that the latter exercised due care, since he had assumed the same risk. Ordinary care is that kind of care a man of ordinary intelligence exercises in the management of his own affairs. There is nothing in the record showing that the accident which occurred to the appellant was due to the negligence of the respondent or of his agents, and the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justice MacLeary concurred.

Justices Figueras and del Toro did not take part in the decision of this case.